LOURATTE GLINSKY, RESPONDENT, v. BELLA SENNERT AND FRANK SENNERT, HER HUSBAND, APPELLANTS.

Submitted May 2, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Patlen & Amlicke* (*Aaron Heller,* of counsel).

For the respondent, *Feder & Rinzler.*

The opinion of the court was delivered by

LLOYD, J. The action in the Passaic District Court was by the plaintiff, Louratte Glinsky, widow of Louis Glinsky,

deceased, to recover from Glinsky's sister, Bella Sennert, one of the defendants, the proceeds of a policy of insurance on Louis Glinsky's life which had been paid to the sister by the Metropolitan Life Insurance Company.

The case was heard by the judge of the District Court without a jury and resulted in a judgment in favor of the plaintiff. Defendant appeals.

It was contended by the plaintiff in the trial court that the change of beneficiary at the instance of the defendant was made by the company without Glinsky's authorization. The defendant contended to the contrary and also that even were the change of beneficiary not justified, the payment to her was valid and irrecoverable under so much of a clause in the policy which provided that the company "may make any payment * * * any relative by blood * * * of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment * * * shall be conclusive evidence that all claims under this policy have been satisfied," and further that the plaintiff suing as an individual was without interest in the fund, and without right of action.

The action was originally against both the company and Bella Sennert and her husband, but abandoned as against the company on the trial.

Motions for nonsuit and for the direction of a verdict in favor of the defendants were made and denied, and it is this action of the trial court that appellant contends was erroneous.

Taking up first the plaintiff's status: The original policy was in favor of the executor or administrator and as plaintiff at the time of bringing the action was neither executor or administrator she could not maintain the action. We are handed by the respondent, however, what purports to be certified copies of letters of administration granted to the respondent in April of the present year and we are asked if this ground of appeal be properly before the court to take cognizance of this action of the surrogate of Passaic county and

permit an amendment under the authority of *Boniewsky* v. *Polish Home of Lodi,* 103 *N. J. L.* 323, and other cases of similar import.

We think it unnecessary to authorize an amendment. It is a settled rule of this court in such cases as the present to refuse to consider on appeal legal questions not presented to the trial court. When the motions for nonsuit and direction were made they were rested wholly on the proposition that the moneys having been paid to Mrs. Sennert by the company in accordance with alternative provisions of the policy the liability if any was on the company. No question was raised as to the respondent's right to maintain the action nor was such question ruled on by the court.

Nor should the case be reversed on the other grounds. Whether the beneficiary had been changed by the insured presented a question of fact for the determination of the judge sitting without a jury. While Mrs. Sennert and her daughter testified that the name of the beneficiary was changed by the insured, the testimony of the mother was seriously discredited on her cross-examination and at all events the testimony of both was in conflict with proof that the signature on the authorization for the change was not that of the insured. Even though it be assumed, which it is not, that payment to Mrs. Sennert, if she had a valid claim for advances to the deceased or for his funeral expenses, would entitle her to retain the moneys so received, the trial judge found that the claim in this respect was without merit; that the defendant's claim of payments was unfounded in fact and in this finding he was justified in view of the discrediting proofs. While the payment may have relieved the company from further claim on the policy, it did not relieve one who had fraudulently induced its payment from responding at the call of the rightful beneficiary. *Caveny* v. *Healey,* 94 *N. J. L.* 28; 95 *Id.* 245; *Allen* v. *Allen,* 88 *N. J. Eq.* 575.

In view of this finding it is unnecessary to consider what right to the fund would accrue if the claim of payments by the defendant had been established.

The judgment is affirmed, with costs.